# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
AUG 0 4 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| SPYROS K. THEODORIDES, *Plaintiff*, v. NVE PHARMACEUTICALS, INC.; NVE, INC.; ROBERT OCCHIFINTO, *Defendants*. | CIVIL ACTION NO. 6:05-CV-00020<br><br>ORDER AND OPINION<br><br>JUDGE NORMAN K. MOON |

The Court is in receipt of Plaintiff's Complaint, filed on June 9, 2005. Plaintiff asserts that jurisdiction exists on the basis of diversity of citizenship under 28 U.S.C. § 1332. However, the Complaint fails to properly allege the citizenship of Defendants NVE Pharmaceuticals, Inc., and NVE, Inc. The burden to demonstrate the Court's subject matter jurisdiction is on the party seeking to invoke jurisdiction. *Roche v. Lincoln Property Co.*, 373 F.3d 610, 616 (4th Cir. 2004) (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974); *Janzen v. Goos*, 302 F.2d 421 (8th Cir. 1962)).

Paragraph 2 of the Complaint states that Defendants are citizens of the state of New Jersey. However, Plaintiff does not assert the state of incorporation of NVE Pharmaceuticals, Inc., or NVE Inc. Moreover, Plaintiff does not assert the principal place of business of NVE, Inc. For diversity purposes, a corporation has dual citizenship—it is deemed a citizen of any State in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C.

§ 1332(c)(1). Therefore, in order to satisfy pleading requirements, a complaint alleging diversity jurisdiction must state both the principal place of business and the state of incorporation of each corporation that is a party to the action. *See, e.g., District of Columbia ex rel. Am. Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1043-44 (D.C. Cir. 1986) ("In a properly pleaded diversity action between corporations the plaintiff will not only allege that there is diversity of citizenship, but will also advert to the factors set out by § 1332(c) that establish corporate citizenship."). In the present case, Plaintiff must allege both the principal place of business and state of incorporation for both defendant corporations.

Defendant has failed to properly allege any basis upon which this Court has jurisdiction. Accordingly, Defendant is ORDERED TO SHOW CAUSE within fourteen (14) days of the date of this Order why this action should not be dismissed for lack of subject matter jurisdiction. The filing of an amended Complaint that properly establishes federal subject matter jurisdiction by correctly alleging the citizenship of all parties will be deemed responsive to this Order.

It is so ORDERED. The Clerk of the Court is directed to send a copy of this Order to all parties.

ENTERED: *[signature]*
U.S. District Judge

August 4, 2005
Date